UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23695-BB

PELAYO DURAN,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and NAVIENT SOLUTIONS LLC,

    Defendants.    /

**CRA DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), consumer reporting agencies ("CRAs"), (collectively "Defendants") file this Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. In support thereof, the Defendants respectfully show the court as follows:

**I.  INTRODUCTION**

  Plaintiff Pelayo Duran's ("Plaintiff") claims against the Defendants should be dismissed as Plaintiff fails to allege any inaccuracy. Plaintiff's Complaint is premised entirely on his erroneous legal conclusion that his Navient Solutions LLC ("Navient") student loans were discharged in his Chapter 13 Bankruptcy case. However, student loans are not discharged in bankruptcy. Furthermore, Plaintiff's claims are based on a legal dispute. In order to determine whether the Navient loans were discharged, CRAs must interpret the bankruptcy code and make a legal determination as to whether the debts were discharged in bankruptcy. Courts in this District and

1

Circuit have concluded that the CRA Defendants are not obligated to resolve such a legal dispute under the FCRA. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff filed for and obtained a Chapter 13 bankruptcy discharge in the United States Bankruptcy Court for the Southern District of Florida, which was docketed as Case No. 17-12716-RAM. Complaint, ECF No. 1. ¶¶ 10, 12. *See also* Exhibit A. Plaintiff attaches a copy of the bankruptcy discharge order as Exhibit A to his Complaint. Complaint, ECF No. 1. ¶ 12; Exhibit A. On Schedule E/F to the Plaintiff's bankruptcy petition, attached as Exhibit B, Plaintiff lists the Navient accounts as student loans. Exhibit B at 15-16.

On February 1, 2021, the Bankruptcy Court entered the Discharge, pursuant to which Plaintiff was granted a discharge under 11 U.S.C. § 1328(a). Exhibit A. As the Discharge states, "**Some debts are not discharged.** Examples of debts that are not discharged are: … debts for most student loans." *Id.* at 1. Plaintiff was not granted a hardship discharge of the student loans and did not file an adversary proceeding in the Bankruptcy case to discharge the Navient student loans. Accordingly, the Loans were not discharged and remain due and owing.

Plaintiff filed this Complaint claiming that his Navient accounts were discharged in his bankruptcy. Complaint, ECF No. 1. ¶¶ 11-12. He claims that due to the discharge, the Navient accounts are inaccurately reporting as "due and/or outstanding." *Id*. at ¶ 14. Plaintiff alleges each CRA violated the FCRA by failing to establish or follow reasonable procedures in the preparation of Plaintiff's credit files and by failing to conduct a reasonable reinvestigation of disputes. *Id*. at ¶¶ 70-71, 80; 90-91; 100; 110-111; 120.

## III. APPLICABLE LEGAL STANDARD

Rule 12(b)(6) permits dismissal of a complaint that fails to state a claim upon which relief can be granted.  Although a complaint challenged by an opposing party need not contain detailed

2

5825908.2

factual allegations, a plaintiff must provide the "grounds" for his entitlement to relief, amounting to more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). And, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's analysis is generally limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank,* 225 F.3d 1228, 1231 (11th Cir. 2000). A complaint can only survive a Rule 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly,* 550 U.S. at 555.

In resolving a motion to dismiss, a court may consider materials subject to judicial notice without converting the motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78 (11th Cir. 1999); *Mulhall v. Unite Here Local 355*, 618 F.3d 1279, 1289 n.10 (11th Cir. 2010); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.") Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[M]atters of public record," whose accuracy cannot be reasonably questioned, may be judicially noticed. *Bryant*, 187 F.3d at 1277-78.

Here, Plaintiff's bankruptcy petition, attached as Exhibit B, is a matter of public record. It can be considered without converting this Motion to a motion for summary judgment.

### IV.    ARGUMENTS AND AUTHORITIES

**A. Plaintiff's FCRA Claim Fails As a Matter of Law Because Student Loans are Not Discharged in a Chapter 13 Bankruptcy**

The Complaint should be dismissed because a consumer reporting agency's accurate reporting is a complete defense to Plaintiff's FCRA claims. As stated by the Eleventh Circuit, to

state a claim for a violation of the FCRA, "a plaintiff must show at least two things: that a consumer report was inaccurate and that the inaccurate report caused him to suffer damages." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (*citing Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1156, 1161 (11th Cir. 1991)). "Absent those showings—particularly the inaccurate report—the reasonableness of the reporting agency's procedures turns out not to matter." *Id*. A report may be considered 'accurate' if it is "both factually correct and free from potential for misunderstanding." *Erickson v. First Advantage Background Servs.,* 981 F.3d 1246, 1248 (11th Cir. 2020).

      Plaintiff's Navient accounts were not discharged in bankruptcy and therefore were accurately reporting as due and/or owing. Under 11 U.S.C. § 523(a)(8), educational benefits or loans are exempt from discharge under Section 727, unless "exempting such debt from discharge under this paragraph would impose an undue hardship on the debtor." 11 U.S.C. § 523(a)(8). "Section 523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1381, 76 L.Ed.2d 158 n. 13 (2010). In this regard, "the Bankruptcy Rules require a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint on affected creditors." *Id.* at 1376. *See also* Fed. R. Bankr. P. 7001(6) (providing that, "a proceeding to determine the dischargeability of a debt," is an adversary proceeding.). Plaintiff's Complaint does not allege, nor could he allege, that he filed an adversary proceeding in the Bankruptcy Case to determine the dischargeability of the Navient accounts, because Plaintiff never took any such action. Therefore, Plaintiff's allegation that the Navient accounts were discharged in his bankruptcy is merely an erroneous legal

4

Case 1:22-cv-23695-BB   Document 24   Entered on FLSD Docket 01/05/2023   Page 5 of 9

conclusion that the Court is, "not bound to accept as true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965.

Accordingly, because the Navient student loan accounts remain nondischargeable debts pursuant to Section 523(a)(8) of the Bankruptcy Code and because the reporting by the CRAs is accurate, the Court should dismiss Plaintiff's Complaint as to the CRAs with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

    **B.** **Plaintiff's FCRA Claims Fail As Plaintiff's Complaint Does Not Allege the Required Factual Inaccuracy; Rather It Involves A Legal Dispute That The CRAs Are Not Required To Adjudicate**

The Complaint should also be dismissed because CRAs are neither equipped nor required to resolve legal disputes between a consumer and a creditor concerning the legal validity of a debt. A Plaintiff fails to state claims as a matter of law under Sections 1681e(b) and 1681i(1)(A) where plaintiff raises a legal issue, rather than alleging a factual inaccuracy. *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009); *see also Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1154, 1160 (11th Cir. 1991). The validity of a debt is a legal question that can only be resolved by a court of law, and CRAs are "neither qualified nor obligated to resolve [such legal issues] under the FCRA." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).

Here, Plaintiff alleges that the Navient student loan accounts were discharged in his bankruptcy. Dkt. 1. ¶ 12. Plaintiff does not allege that he paid the Navient accounts. *See generally* Dkt. 1. Rather, Plaintiff contends that he was legally discharged from the student loans debts because of his bankruptcy discharge. In order to determine whether Plaintiff the student loans were discharged, the CRAs would have to determine the applicability of bankruptcy law to the student loans. The CRAs would have to investigate the exceptions to bankruptcy discharge according to the Bankruptcy Code and whether any of those exceptions apply to the Navient accounts in question. In fact, the Bankruptcy Discharge Order states, "**This information is only a general**

5

5825908.2

**summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case."** Exhibit A at 2. The Order acknowledges that the law is complicated and that exceptions to the discharge order exist. Determining the legal effect of a bankruptcy discharge order is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer. *See DeAndrade*, 523 F.3d at 68.

## V.   CONCLUSION

Since Plaintiff's allegations of an inaccuracy are insufficient as a matter of law, any amendment would be futile and Plaintiff's claims should therefore be dismissed with prejudice. *See, e.g.*, *Floyd v. City of Miami Beach*, 730 F. App'x 838, 841 (11th Cir. 2018) ("the court need not allow any amendment where amendment would be futile.") (citations omitted).

For the foregoing reasons, the CRA Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, in its entirety and for such other relief as the Court deems necessary.

Respectfully submitted,

| | |
|---|---|
| */s/ Alexandria Epps* | */s/ Jason Daniel Joffe* |
| Alexandria Epps | Jason Daniel Joffe |
| aepps@qslwm.com | jason.joffe@squirepb.com |
| Florida Bar No. 1002739 | Florida Bar No. 13564 |
| Quilling, Selander, Lownds, Winslett & Moser, P.C. | Squire Sanders & Dempsey LLP |
| 6900 N. Dallas Parkway, Suite 800 | 200 S Biscayne Boulevard, 40th Floor |
| Plano, TX 75024 | Miami, FL 33131-2398 |
| (214) 560-5463 | (305) 577-7000 |
| (214) 871-2111 Fax | (305) 577-7001 Fax |
| ***Counsel for Trans Union LLC*** | ***Counsel for Equifax Information Services, LLC*** |

6

*/s/ Maria H. Ruiz*
Maria H. Ruiz
mruiz@kasowitz.com
Florida Bar No. 182923
Kasowitz Benson Torres LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
(786) 587-1044
(305) 675-2601 Fax
***Counsel for Experian Information Solutions, Inc.***

**CERTIFICATE OF CONFERENCE**

Pursuant to LR 7.1(a)(3), I hereby certify that, on January 5, 2023, counsel for Equifax, Experian, and Trans Union conferred with counsel for Plaintiff via email regarding the relief sought by the foregoing Motion. Following such conference, counsel for Plaintiff has indicated they are opposed to the relief sought by this Motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Alexandria Epps* | */s/ Jason Daniel Joffe* |
| Alexandria Epps | Jason Daniel Joffe |
| aepps@qslwm.com | jason.joffe@squirepb.com |
| Florida Bar No. 1002739 | Florida Bar No. 13564 |
| Quilling, Selander, Lownds, | Squire Sanders & Dempsey LLP |
| Winslett & Moser, P.C. | 200 S Biscayne Boulevard, 40th Floor |
| 6900 N. Dallas Parkway, Suite 800 | Miami, FL 33131-2398 |
| Plano, TX 75024 | (305) 577-7000 |
| (214) 560-5463 | (305) 577-7001 Fax |
| (214) 871-2111 Fax | ***Counsel for Equifax Information Services, LLC*** |
| ***Counsel for Trans Union LLC*** | |

*/s/ Maria H. Ruiz*
Maria H. Ruiz
mruiz@kasowitz.com
Florida Bar No. 182923
Kasowitz Benson Torres LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
(786) 587-1044
(305) 675-2601 Fax
***Counsel for Experian Information Solutions, Inc.***

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2023, the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Victor Zabaleta
victor@pzlg.legal
Thomas J. Patti
tom@pzlg.legal
Patti Zabaleta Law Group
3325 Northwest 55th Street
Fort Lauderdale, FL 33309
(561) 866-3584
*Counsel for Plaintiff*

Drew Patrick O'Malley
domalley@spencerfane.com
Spencer Fane LLP
201 E. Franklin Street, Suite 2150
Tampa, FL 33602
(813) 424-3509
*Counsel for Navient Solutions LLC*

Maria Helena Ruiz
mruiz@kasowitz.com
Kasowitz Benson Torres LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
(786) 587-1044
(305) 675-2601 Fax
*Counsel for Experian Information Solutions, Inc.*

Jason Daniel Joffe
jason.joffe@squirepb.com
Squire Sanders & Dempsey LLP
200 S Biscayne Boulevard, 40th Floor
Miami, FL 33131-2398
(305) 577-7000
(305) 577-7001 Fax
*Counsel for Equifax Information Services, LLC*

*/s/ Alexandria Epps*
**ALEXANDRIA EPPS**

9

5825908.2